IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

1032-1034 LEX. AVE., LTD.,
STEPHEN KIRSCHENBAUM, and
BARBRO KIRSCHENBAUM,

    Plaintiffs,

vs.                                              Civ. No. 1:24-765-DHU/JFR

ALAN C. FOX, ACF PROPERTY
MANAGEMENT, INC., and
THE ALAN C. FOX REVOCABLE TRUST,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim on Which Relief May be Granted (Doc. 13) and Plaintiffs' Motion for Order Requiring Abatement (Doc. 14). After carefully considering the motions, the attendant briefs, and being fully advised of the premises, the Court concludes that Defendants' Motion (Doc. 13) will be **GRANTED** due to lack of personal jurisdiction. This action will therefore be dismissed for lack of jurisdiction without prejudice.

**I. BACKGROUND**

    This dispute concerns the parties' indirect ownership of a shopping center in Kansas City, Missouri, commonly known as the Shops at Boardwalk ("Boardwalk Property"). Compl. at ¶¶ 11-12. Plaintiff 1032-1034 Lex. Ave. Ltd. ("Lex. Ave.") is the sole member of Boardwalk 16 B, LLC ("Boardwalk B"), a Missouri limited liability company. *Id.* ¶ 10; Doc. 13-1, Fox Decl., Ex. B, § 1.1. Plaintiffs allege that Defendants "are the owners, members, and officers" of Boardwalk 15

A, LLC ("Boardwalk A"), a Delaware limited liability company. Compl. at 2 ¶ 12. In 2017, Boardwalk B and Boardwalk A entered into a Tenancy in Common Agreement whereby Boardwalk B owns an undivided 35% tenancy in common interest in the Boardwalk Property and Boardwalk A owns an undivided 65% tenancy in common interest in the Boardwalk Property. *Id*. ¶ 12; Fox Decl., Ex. C, § 1.1.

In March 2017, Boardwalk B, Lex. Ave., Fox, and ACF Property Management entered into a Management Guaranty Agreement (the "Management Guaranty Agreement"). Fox. Decl. Ex. D. Among other things, the Management Guarantee Agreement gave the Fox Trust the right to purchase the entirety of Lex. Ave.'s interest in Boardwalk B in the event that Lex. Ave. unreasonably refused to provide its consent to a sale of the Boardwalk Property (the "Call Option"). Compl. ¶ 13; Fox Decl., Ex. D § 2.

In February 2024, Defendant Fox informed Plaintiff Kirschenbaum that he received an offer to purchase the Boardwalk Property and provided Plaintiff Kirschenbaum with an estimate of the net proceeds from the proposed sale and a ballot concerning the proposed sale. Compl. ¶¶ 14, 18. Plaintiff Kirschenbaum voted against the proposed sale, thus triggering the Trust's right to exercise its Call Option under Section 2 of the Management Guaranty Agreement. Compl. ¶ 18, 20, Fox Decl., Ex. D, § 2(a). Subsequently, Plaintiffs initiated this action, asserting claims against Defendants for breach of contract and fraud, by filing a Complaint in the First Judicial District Court, Santa Fe County, on April 11, 2024. On July 29, 2024, Defendants timely removed this action to this Court.

On August 12, 2024, Defendants filed their Motion, arguing that they are not subject to personal jurisdiction in New Mexico and that Plaintiffs' complaint fails to state a claim upon which

relief may be granted. Doc. 13. The Court turns first to the legal framework regarding personal jurisdiction as that is a threshold issue.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) requires dismissal when the Court lacks personal jurisdiction over the defendant. *See* Fed. R. Civ. Proc. 12 (b)(2). The burden of proving personal jurisdiction rests upon the plaintiff. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("When the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists."). A court may have jurisdiction over a defendant through general personal jurisdiction or specific personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011). If a court has general personal jurisdiction over a party, the "court may exercise jurisdiction over an out-of-state party for any purpose." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229, n.2 (10th Cir. 2020) (internal citations omitted). If a court has specific personal jurisdiction, then the "court may exercise jurisdiction over an out-of-state party *only if* the cause of action relates to the party's contacts with the forum state." *Id.* (internal citations omitted) (emphasis added). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 753, 187 L. Ed. 2d 624 (2014). Any state statutory basis for personal jurisdiction, general or specific, must comport with due process. *See Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014); Fed. R. Civ. P. 4(k)(1)(A).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S. Ct. 2174, 2181, 85 L.

3

Ed. 2d 528 (1985). Jurisdictional "restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S. Ct. 1228, 1238, 2 L. Ed. 2d 1283 (1958). If the plaintiff fails to meet his burden of proving personal jurisdiction, the court should dismiss the claims without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("a dismissal for lack of jurisdiction should be entered without prejudice").

A.  **General Personal Jurisdiction**

"General jurisdiction is based on an out-of-state defendant's continuous and systematic contacts with the forum state, and does not require that the claim be related to those contacts." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008) (internal quotation marks and citations omitted). "Where a court has general jurisdiction over a defendant, that defendant may be called into that court to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *Am. Fid. Assur. Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234, 1238 (10th Cir. 2016) (quoting with approval *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012)). But general jurisdiction only exists when the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919.

The general jurisdiction analysis "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139, n.20. Likewise, "[s]imply because a defendant has a contractual relationship and business dealings with a person or entity in the forum state does not subject him to general jurisdiction there." *Shrader v. Biddinger*, 633 F.3d 1235, 1246-47 (10th Cir. 2011). Crucial to the general jurisdiction analysis, then, "are a corporation's

place of incorporation and principal place of business." *Daimler*, 571 U.S. at 118; *see also Am. Fid. Assur. Co.*, 810 F.3d at 1241 ("The place of incorporation and principal place of business are particularly, though not solely, important."). Also considered are the extent to which the defendant (1) "solicits business in the state…(2)…sends agents into the state on a regular basis to solicit business; (3)…holds itself out as doing business in the forum state, through advertisements, listings or bank accounts;" and (4) conducts business in the state. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 457 (10th Cir. 1996) (quoting *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996)).

### B. <u>Specific Personal Jurisdiction</u>

"Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017). "Where a federal lawsuit is based on diversity of citizenship, the court's jurisdiction over a nonresident defendant is determined by the law of the forum state." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (citing Fed. R. Civ. P. 4(e)). "This requires [the court] to focus on state law, and particularly, the relevant state's long-arm statute." *Dental Dynamics*, 946 F.3d at 1228. New Mexico's long-arm statute law provides:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
> (1)   the transaction of any business within this state;
> (2)   the operation of a motor vehicle upon the highways of this state;
> (3)   the commission of a tortious act within this state;
> (4)   the contracting to insure any person, property or risk located within this state at the time of contracting;
> (5)   with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations

5

>arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

N.M. Stat. Ann. § 38–1–16. This gives the New Mexico courts jurisdiction over any person or entity who commits one of the enumerated actions when that action gives rise to a suit.

New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Cath. Diocese*, 132 N.M. 312, 316, 48 P.3d 50, 54 (N.M. 2002). Because the New Mexico long-arm statute extends as far as constitutionally permissible, a court only needs to conduct a due process analysis. *See DiPanfilo*, 671 F.3d at 1166.

Turning to the due process analysis, the U.S. Constitution "authorizes personal jurisdiction if two elements are met." *Dental Dynamics*, 946 F.3d at 1229. "First, a defendant must have 'purposefully established minimum contacts within the forum state.'" *Id*. (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "Second, the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Id*. (citing *Burger King*, 471 U.S. at 476).

### 1. Minimum Contacts

"The minimum contacts test for specific jurisdiction encompasses two distinct requirements: (i) that the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" *Old Republic*, 877 F.3d at 904.

#### a. Purposeful Availment

First, a court must determine whether a defendant "purposefully directed its activities at the forum state" or "purposefully availed itself of the privilege of conducting activities…in the forum state." *Dudnikov*, 514 F.3d at 1071 (internal quotation marks omitted). The mere foreseeability of an injury occurring in the forum state does not create personal jurisdiction. *See*

*id.* at 1077. In addition to foreseeability, the defendant must have undertaken "intentional actions that were expressly aimed at that forum state." *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 789–90, 104 S. Ct. 1482, 1486–88, 79 L. Ed. 2d 804 (1984)). However, "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities." *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1287–88 (10th Cir 2007) (quoting *Burger King*, 471 U.S. at 473). The court evaluates "both the quantity and the quality of a defendant's contacts with the forum." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020). The purposeful availment prong may be satisfied by any of four frameworks: "(1) continuing relationships with forum state residents;…(2) deliberate exploitation of the forum state market;…(3) harmful effects in the forum state;" *Old Republic*, 877 F.3d at 905 (citing *Burger King*, 471 U.S. at 472–73), and (4) "the stream-of-commerce theory." *Id.* at 909, n.21.

Summarizing these frameworks, the "continuing relationship" theory is utilized in suits arising from contractual disputes. "[T]he absence of prior negotiations, long-term contractual commitments, or any significant course of dealing" will prevent the court from "finding purposeful direction under the continuing relationships framework." *Id.* at 910. Under the "market exploitation" framework, the court looks to "(a) high sales volume and large customer base and revenues, and (b) extensive nationwide advertising or ads targeting the forum state." *Id.* at 915. "Substantial and regular sales in the forum state can constitute deliberate exploitation of its market." *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 781, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)) (internal quotation marks omitted). Next, under the "harmful effects" framework, purposeful availment requires "showing more than simply harm suffered by a plaintiff who resides in the forum state." *Id.* at 917 (citing *Walden*, 571 U.S. at 290). "Instead, 'courts look

7

to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state.'" *Id.* (quoting *Shrader*, 633 F.3d at 1241). Finally, the "stream-of-commerce" theory "typically governs cases in which the defendant sells a defective product to a third party who takes the product into the forum state." *Id.* at n.21 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 109–12, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

If a defendant's actions substantiate a finding that the defendant purposefully availed itself of, or directed its activities at, the forum state under any of the four frameworks, prong one of the specific personal jurisdiction test is satisfied. *See id.* at 905, 909.

### b. Arising out of or Related to

"Step two of the minimum contacts test requires [the court] to determine whether the plaintiff's injuries 'arise out of' the defendant's forum-related activities." *Id.* at 908. "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. at 284. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. Instead, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King*, 471 U.S. at 475). "The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum." *XMission*, 955 F.3d at 840 (citing *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017)).

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Bristol-Myers*, 582 U.S. at 264 (quoting *Goodyear*, 564 U.S. at 919). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* "[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Goodyear*, 564 U.S. at 931, n.6.

### 2. Fair Play and Substantial Justice

If the plaintiff carries its burden of proof to show that the defendant has minimum contacts with the forum state, then the court next asks if the defendant "has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1323 (10th Cir. 2019) (quoting *Old Republic*, 877 F.3d at 904). The court examines unreasonableness by considering "(1) the burden on the defendant, (2) the forum State's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." *XMission,* 955 F.3d at 840 (quoting *Old Republic*, 877 F.3d at 909).

### III. DISCUSSION

**A.  Plaintiffs have not met their burden to show that the Court has personal jurisdiction over Defendants.**

Here, Plaintiffs argue that the Court has specific jurisdiction over Defendants. Doc. 20 at 2. Because Plaintiffs do not argue the Court has general jurisdiction over Defendants, the Court

9

need not analyze whether there is general jurisdiction. Instead, the Court focuses on specific jurisdiction.

Plaintiffs argue that specific jurisdiction arises because:

> Defendants conducted business in New Mexico – and particularly engaged in the solicitation of business from a New Mexico resident – Defendants have purposefully availed themselves of the jurisdiction and the Court can exercise jurisdiction entirely consistent with fundamental notions of justice and fair play.

*Id.* at 1. Plaintiffs go on to argue that New Mexico courts "no longer require proof that a defendant committed an act enumerated in Section 38-1-16," and instead view the long-arm statute as being co-extensive with due process requirements. Doc. 20 at 2. Plaintiffs argue, "[t]he inquiry under New Mexico's long arm statute is focused on whether the contacts alleged by the plaintiff supply sufficient connection with New Mexico to satisfy due process." *Id.* Plaintiffs argue:

> On April 22, 2011, Mr. Fox traveled to Santa Fe to meet with Mr. Kirschenbaum in person. He had dinner with Mr. and Ms. Kirschenbaum as evidenced by the photograph attached to Mr. Kirschenbaum's declaration as Exhibit 1-A. The next day, Mr. Kirschenbaum and Mr. Fox spoke for several hours, during which time Mr. Fox actively pitched to Mr. Kirschenbaum the latter's investment in ACF. Ex. 1, ¶ 5.
> In 2015, Mr. Kirschenbaum sold additional property in New York, intending to invest the sales proceeds in real estate elsewhere. Ed Delava, who was then the Chief Financial Officer of ACF, traveled to Santa Fe to meet with Mr. Kirschenbaum in person. *Id.*, ¶ 7.
> Those efforts – efforts that directly resulted in Plaintiffs' investments in the business venture at issue here – are more than enough to establish the purposeful availment required for this Court's exercise of personal jurisdiction over Defendants.

Doc. 20 at 3.

In reply, Defendants argue Defendant Fox did not pitch Plaintiff Kirschenaum's investment with ACF in April 2011, or at any other time, and recalls the 2011 visit as being entirely person in nature. Doc. 22 at 3. However, "even if Mr. Fox did 'pitch' ACF to Mr. Kirschenbaum in 2011, that fact does not support personal jurisdiction because, any such 'pitch' could not relate to Mr.

10

Kirschenbaum's investment in the Boardwalk Property in March 2017 – almost six years later." *Id.*

Here, turning to the first prong of the minimum contacts test for specific jurisdiction, the Court finds that Plaintiffs have not shown that Defendants purposefully directed its activities at residents of the forum state. "[I]n the context of specific jurisdiction, . . . courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction." *Gallegos v. Frezza*, 2015-NMCA-101, ¶ 24, 357 P.3d 408, 41. The "purposeful activity requirement assumes that a defendant will not be subject to jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Sanchez v. Church of Scientology of Orange Cnty.*, 1993-NMSC-034, ¶ 15, 857 P.2d 771.

Plaintiffs have failed to show that Defendant Fox's visit to Santa Fe concerned Plaintiff Kirschenbaum's investment in the property at issue almost six years later. Defendant Fox disputes that he actively pitched Plaintiff Kirschenbaum's investments in ACF in 2011 or at any other time. And, as Defendants argue, even if a pitch did occur in 2011, the Court cannot find that this demonstrates purposeful availment because Plaintiff Kirschenbaum's investment in the property at issue did not occur until March 2017. Therefore, the Court concludes that Plaintiffs have not met the first prong of the minimum contacts test, and as a result, cannot meet their burden to show that the Court has personal jurisdiction over Defendants in this matter. The Court will grant Defendants' Motion to Dismiss to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim on Which Relief May be Granted (Doc. 13) due to lack of personal jurisdiction. The Court will dismiss this action without prejudice. As a result, the Court need not analyze the parties' arguments regarding whether the Complaint fails to state a claim upon which relief may be granted nor the parties' arguments regarding Plaintiffs' Motion for Order Requiring Abatement (Doc. 14).

## IV. CONCLUSION

For the reasons explained here, it is therefore **ORDERED** that Defendants' Motion to Dismiss to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim on Which Relief May be Granted (Doc. 13) is **GRANTED** for lack of personal jurisdiction. This action is therefore dismissed for lack of jurisdiction **without prejudice.**

IT IS SO ORDERED.

DAVID HERRERA URIAS
United States District Judge